W. E. HOWARD *v.* LOUISVILLE, NEW ORLEANS & TEXAS RY. CO.

RAILROADS.   *Negligence.   Duty of engineer and fireman.*

While a look-out should be kept from the locomotive of a running train, the primary duty of the engineer and fireman on the engine is to properly operate it. If, while the fireman is stoking the engine, the attention of the engineer is engaged in repairing a necessary part of the machinery that has become deranged, so that during a short time no look-out is kept, and an animal is killed on the track without being seen, this is not want of proper care, and the company is not liable for the death of the animal.

FROM the circuit court of De Soto county.

HON. W. M. ROGERS, Judge.

The appellant, W. E. Howard, brought this suit against the Louisville, New Orleans & Texas Railway Company, to recover the value of a mare killed by one of its trains.

There is no material conflict in the evidence. The witnesses for the plaintiff testified that the tracks of the animal came upon the railroad at a point nine hundred and seventy-five yards from the cattle-guard where it was overtaken and run over by the train; that these tracks showed that the mare was running with rapid and constantly accelerated speed, and that the railroad was straight, and the view unobstructed.

The engineer testified that the accident occurred at night; that the train stopped at a water-tank about four hundred yards from the place where the tracks came upon the railroad, and after starting he discovered that the lubricator of his engine was not working properly, and he left his seat in order to regulate it; that this was necessary to be done and required him to leave his post of observation, that he was thus engaged for two or three minutes, the train continuing to run at the same rate of speed as when he began to work on the engine, viz., about ten or twelve miles an hour; that while occupied in this manner he felt the engine go over an obstruction as it passed the cattle-gap; that he afterwards learned that it had run over a mare.

The fireman testified that he was engaged at the time in shoveling coal into the engine. His testimony in all respects corroborated that of the engineer. Neither of them saw the animal, and nothing was done to check the speed of the train.

The court granted a peremptory instruction in favor of the defendant, and from a judgment in accordance therewith, after motion for new trial overruled, the plaintiff appeals.

*Buchanan & McKay,* for the appellant.

The burden of overcoming the presumption of negligence was on the defendant. Code 1880, § 1059; 59 Miss. 283. It is not denied that no care was exercised to prevent the accident after the animal came on the track. The engineer could have seen it, but did not. It is not shown that after doing all they could, the injury was unavoidable. The question was one of fact, even on the defendant's own evidence, and it was error to withdraw the case from the jury. *R. R. Co.* v. *Jones,* 95 U. S. 441. It is only when the facts are undisputed, and the conclusions to be drawn therefrom indisputable, that the question of negligence is for the court. Such cases are very rare. Whittaker & Smith on Neg. 40.

According to the engineer's own statement as to the time consumed with the lubricator, two or three minutes, this work was finished when there were yet several hundred yards between the engine and the cattle-gap.

It is not denied that if the engineer had been on the look-out he could have prevented the accident.

It is a startling proposition that it is not negligent to allow an genine to run thirteen hundred yards with no look-out, when one could easily have been kept without danger to defendant's interests.

In *Ross* v. *R. R. Co.,* 62 Miss. 23, and *R. R. Co.* v. *Toulme,* 59 Miss. 284, the case made out for defendants was much stronger than this, yet the court reversed because of a peremptory instruction for the company. The facts in *R. R. Co.* v. *Bourgeois,* 66 Miss. 3, are not analogous to the facts in this case.

*W. P. & J. B. Harris,* for appellee.

The undisputed testimony of the engineer and fireman acquits

the company of any negligence.   The duties about which they were engaged were of paramount importance, and for the time being withdrew their attention from the track.   It was necessary to fix the lubricator, and this only occupied two or three minutes.   It is not true that the only duty of an engineer and fireman is to keep a look-out for stock on the track.   It is a question of negligence, and it is certainly not negligence for the servants of the company to attend to their duties, which their occupation, or the proper management of the instrumentalities controlled by them, demand.

CAMPBELL, J., delivered the opinion of the court.

The engineer and fireman were both engaged at their duties on the engine, and neither saw the animal on the track.   While a look-out should be kept when running, it is not want of proper care for the servants of the company to give needed attention to their primary duty, which is the operation of the engine; and the fact that, for a short time, neither the engineer nor fireman was looking out for animals on the track did not make the company liable for the death of the animal killed.   Upon the undisputed facts, the judgment of the law is that the loss of the mare should fall on her owner rather than upon the railroad company, and, as there was nothing to be found by a jury, the court rightly instructed for the defendant.

*Affirmed.*